GARCÍA HERMANOS, INC., Plaintiff and Appellant, *v.* R. JIMÉNEZ SOTO, COLLECTOR OF INTERNAL REVENUE OF BAYAMÓN, ET AL., Defendants and Appellees.

No. 8965. Argued December 20, 1944.—Decided January 30, 1945.

*Edelmiro Martínez Rivera* for appellant. *Jesús A. González, Acting Attorney General, M. Velázquez Flores* and *A. D. Marchand Paz, Deputy Attorneys General,* for appellees.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

On October 14, 1941, the Collector of Internal Revenue of Bayamón issued an attachment against the appellant corporation which was levied upon construction materials valued at $127,000 in order to collect certain excises, surcharges, and costs amounting to $35,902.66, alleged to be due under Act No. 85, approved August 20, 1925.

The petition for injunction, filed in the District Court of Bayamón, alleged that the amount sought to be collected from the plaintiff by the defendants involved a 2 per cent

tax on the total sales of materials made by the petitioner to various departments and divisions of the Federal and Insular Governments, and of certain municipalities of the Island prior to July 11, 1941; that at the time said sales were made, the defendants themselves considered that the same were exempt from taxation, in accordance with a circular issued by the Department of Finance; that all the materials thus sold were used by the Federal Government in construction works in the naval air bases at Isla Grande, Borinquen Field, and Losey Field, and in the Buchanan and Tortuguero military encampments; that all of the said materials were sold without including in the purchase price the amount of the tax, because the Department of Finance had ruled that the said sales were not subject to the payment of any tax, and further because such exemption was claimed by the purchasing agencies.

Among other legal grounds for the petition, it was alleged that the attachment of the materials in question was illegal and void, as it was levied upon a larger amount of property than was strictly necessary to cover the amount of the tax claimed; and that if a sale at public auction of the materials attached were allowed, the petitioner would suffer irreparable damage and would be deprived of its property without due process of law.

The petitioner prayed for the issuance of a writ of injunction to prevent the public sale of the property attached, and alleged that said sale would cause irreparable injury to the petitioner, and that the latter had no other speedy and adequate remedy to prevent such injury.

After a rule to show cause and a restraining order had been issued, the defendants appeared and moved for a dissolution of said order, and alleged that the petition for injunction did not state facts sufficient to constitute a cause of action; that the petitioner had a speedy and effective remedy in the ordinary cause of law; and that an injunc-

tion did not lie to prevent the collection of a tax levied by law. The defendants also filed an answer in which they specifically denied the essential averments of the complaint and set up, as special defenses, the insufficiency of said complaint, the existence of an adequate legal remedy, and the impropriety of an injunction to prevent the imposition and collection of taxes levied under the laws in force.

On December 14, 1942, the parties submitted for decision by the lower court the questions of law raised by the pleadings. On April 14, 1944—after an unaccountable delay of one year and four months—the lower court rendered judgment denying the petition and adjudging the petitioner to pay the costs. Thereupon the petitioner appealed.

It is urged in the first assignment that the trial court erred in considering the complaint as one seeking to prevent the collection of a tax and in holding, on that ground, that an injunction did not lie.

The error committed by the trial court is patent. The facts alleged, and specially the prayer of the petition, clearly showed that the petitioner resorted to the equitable remedy herein, not for the purpose of forbidding the Treasurer of Puerto Rico to collect the taxes claimed by him, but for the purpose of protecting the petitioner against an excessive and illegal attachment, by forbidding the sale at public auction of property whose value was three times greater than the amount claimed by the defendants. The petitioner alleged— and the defendants admitted by their demurrer—that the sum claimed by the Treasurer was $35,902.66, and that the materials levied upon, to be sold at public auction, were valued at $127,000.

The decisions of this court [1] and those from State and Federal jurisdictions, which have been cited by the lower court in support of the well-settled doctrine that an injunc-

---

[1] *Brenes* v. *Domenech, Treas.,* 48 P.R.R. 549; *Roosevelt, Governor* v. *District Court,* 42 P.R.R. 803; and the *West India Oil Co. (P.R.)* v. *Benítez, City Mger.,* 51 P.R.R. 266.

tion does not lie to prevent the collection of a tax, except in truly exceptional and extraordinary cases, are not really applicable to the case at bar, since here it is not sought to prevent the collection of a tax but to enjoin the carrying out of a sale of property attached, in contravention of the statutory provisions which authorize the Treasurer of Puerto Rico to attach and sell at public auction property belonging to delinquent taxpayers.

In the opinion filed by the lower court it is said that "on December 15, 1941, this court entered a restraining order whereby the public auction was stayed and the attachment vacated." Nevertheless, in the record before us there is no showing that such a restraining order was issued. The only restraining order which appears from the record is the one issued on October 31, 1941, by Judge E. Ponsa Parés, whereby the defendants were ordered to refrain from carrying out the public sale advertised to be held on November 3, 1941. In said order nothing is said regarding any annulment or dissolution of the attachment. We are therefore constrained to consider as a fact admitted by the pleadings, that, even though the advertised sale was stayed by virtue of the restraining order, the attachment levied on October 14, 1941, still subsists. This being so, if the judgment appealed from should be affirmed, the defendants would be empowered to proceed to sell at public auction the property attached.

Section 336 of the Political Code authorizes the Treasurer and the collectors to attach personal property of any delinquent taxpayer and to sell the same at public auction, if the amount of the tax is not paid at the expiration of ten days after the service of the notice of attachment. Section 337 of the same code provides that the sale of personal property for the payment of taxes "shall be by public auction and strictly of a sufficient amount to pay all taxes, penalties and costs."

We consider as absolutely unreasonable and contrary to both the letter and the spirit of the law, the alleged and admitted purpose on the part of the defendants to offer for sale and sell at public auction personal property which is valued at almost four times the amount of the tax claimed. A sale made under such circumstances would certainly cause serious and irreparable injury to the petitioner. There is no doubt that the Treasurer can attach property valued at a sum reasonably in excess of the amount claimed by him; but out of that property he can sell only such portion as is strictly necessary for the payment of the tax, penalties, and costs. He has no authority to attach and sell personal property in the manner attempted by him in the present case. The facts alleged in the petition, and admitted by the demurrer, fully justified the issuance of an injunction, not to restrain the defendants from collecting the tax by distraint proceedings, but only to prevent the irreparable injury which would be caused to the petitioner by the sale of its property in the manner proposed.

Since there was involved an administrative attachment, levied by the Treasurer in order to collect a tax by way of distress, without the intervention of a judicial tribunal the petitioner lacked the adequate legal remedy to which it could have resorted if a judicial attachment had been involved, namely, that of applying to the court which issued the attachment for a reduction of the amount of the levy. That circumstance and the imminent danger of the property being summarily sold at the public auction which had already been advertised, were sufficient to justify the granting of an order of injunction *pendente lite*.

The judgment appealed from was rendered taking into account only the allegations of the petition which had been admitted by the demurrer but denied in the answer. The court, as we have already held, erred in sustaining the demurrer and in dismissing the petition for injunction; but,

as it may happen that, upon a hearing of the case on the merits, the petitioner may fail to establish the facts alleged by it, the proper course is to reverse the judgment appealed from and remand the case to the lower court for further proceedings not inconsistent with this opinion.